Filed November 22, 1895.

No, 1,786.

## PALMER *v.* NOLTING ET AL.

MUNICIPAL CORPORATION.—*City.*—*Sprinkling Assessment.*—*Lien on Abutting Property.*—*Interest and Costs.*—A sprinkling contractor, under R. S. 1894, sections 3860-3862, providing for the letting of sprinkling contracts by the board of public works, and that the cost of such sprinkling shall be assessed *pro rata* on the property-holders along the line of the street sprinkled, as the cost of public improvements is assessed, has a lien on property assessed, including interest, costs and reasonable attorney's fees, as sections 3845, 3846, 3853, give a lien for assessments for public improvements.

From the Marion Superior Court.

*Hammond & Rogers* and *D. H. Bowles*, for appellant.

*S. M. Richcreek*, for appellees.

GAVIN, J.—Section 3860, R. S. 1894, being section 89 of the law known as the Indianapolis charter, authorizes the board of public works to let contracts that the streets, etc., of the city may be swept or sprinkled.

Section 3861 provides that "the cost of such sprinkling or sweeping shall be assessed *pro rata* against the property holders along the line of such street, alley or

public place, *as the cost of street improvements is assessed*, except that such city shall not be liable to pay for the sprinkling or sweeping of any street or alley crossings, but the total cost of such sprinkling shall be paid for by the abutting property holders."

By section 3862 it is declared: "The duties of the department of finance and of the treasurer, the rights of contractors, and the liabilities of such city in relation to such street sprinkling or sweeping assessments shall be the same as in the case of street-improvement assessments," but the installment mode of payment is expressly excluded.

The position taken by appellant is that the law creates only a personal liability and not a lien upon the real estate, and that the court below acquired no jurisdiction over appellant, she being a nonresident and the notice being by publication merely.

By the law relating to street improvements, then in force, it is provided that the cost shall be estimated by the running foot, and the total cost exclusive of one-half the cost of street and alley intersections, apportioned "upon the lands or lots abutting thereon." Provision is made for the payment of the other half of the cost of street and alley intersections. It is further directed, referring to the entire cost, that the city shall be liable to the contractor for the contract price to the extent of moneys actually received, and that *"the owners of property* bordering on such street or alley shall be liable to the city for their proportion of the cost, exclusive of one-half the cost of street and alley intersections, in the ratio of the front line of their land or lots, whether platted or not, owned by them, to the whole cost of the improvement for that part of the said street or alley on which said lands or lots are located, and which is uniform in extent and quality of improvement. * * *

"Said city shall have separate and several liens upon such lands or lots from the time the contract for such improvement is finally let, for the respective assessments against each lot or parcel of land." Section 3845.

"Lots or lands bordering on such street or alley shall be assessed and liable to the payment of such assessment primarily. * * * This section shall be deemed to include the assessment, principal and interest, together with costs of foreclosure and a reasonable attorney's fee." Section 3846.

After authorizing the issue of bonds in certain cases it is further provided in section 3853 that "the owners of the bonds hereinbefore provided for, or in case no bonds have been issued, then the person to whom is due and owing the amount of such unpaid assessment for the performance of such work, shall have the right to proceed in any court of competent jurisdiction to foreclose the liens or unpaid assessments, recovering interest, cost and a reasonable attorney's fee, and to have the proceeds of sale applied on his claim."

It is the duty of the board of public works to make out an assessment roll, with names of property owners and descriptions of property adjoining the place of the improvement, with the *pro rata* assessment against each piece of property. This, when completed, must be delivered to the department of finance, whose duty it is on the completion of the work to deliver to the treasurer a copy, which constitutes the local assessment duplicate, upon which must be appropriate columns and a place for the satisfaction of the lien. It is the duty of the treasurer, upon payment, to enter the proper credit and satisfaction thereon. Sections 3848, 3849.

Counsel dwell earnestly upon the language of the sprinkling statute, that the cost shall be assessed against the "property-holders," and would give it such con-

Palmer *v.* Nolting *et al.*

trolling force as to exclude the creation of a lien by the further provisions of the statute. We are, however, unable to see that an assessment against the "property-holders" necessarily excludes the existence of a lien upon the property to secure the payment of the assessment. On the contrary, taking all the provisions of the statute together, it seems clear to us that the Legislature not only intended that it should be thus secured, but has plainly expressed this intention. Under the street improvement law both the city and the contractor are given liens upon the property adjoining the improvement, and the contractor is given the "right to proceed in any court to foreclose the liens," etc.

We do not see how the provisions of the sprinkling statute that "the rights" of contractors shall be the same as in case of street improvement assessments can be made effective or carried out unless the sprinkling contractor be given a right to a lien just as has been granted to the improvement contractor.

Counsel refer to *Sharp* v. *Speir*, 4 Hill 76, as deciding the point here involved. We do not so read it. There, one assessment was to be "made and collected in the same manner as provided for the assessing and collecting street expenses 'by the third section of this act.'" That "manner" was by distress and sale of goods and chattels. The court therefore decided that a collection by sale of lands authorized in the seventh section of the act was not applicable to the assessment under consideration. There is here no such limitation upon the rights of the contractor.

We cannot regard as controlling in appellant's favor the fact that the Legislature of 1895, after the question here raised had been made public and cast some doubt upon the construction of the statute, in amending it, omitted the words property-holders and substituted

"the lots, tracts and parcels of land" therefor. We are rather inclined to consider that by the change of phraseology the Legislature desired to remove what little possibility of cavil concerning the meaning of the statute might exist.

Neither are we able to agree with appellant that the "claim" of the contractor for which the property may be sold is the assessment only.

The lien includes interest, costs and attorney's fees, more or less of which necessarily accrue and attach when suit is brought. Such is the expressed will of the Legislature, as plainly written as it possibly could be. We see no way open to the courts to disregard it.

Judgment affirmed.

Filed November 22, 1895.